UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALONE LAM,<br><br>Defendant. | Criminal No.  24-cr-00417(CKK) |

**DEFENDANT MALONE LAM'S NOTICE
RELATING TO THE PARTIES' PROPOSED SCHEDULING ORDER**

Mr. Malone Lam, by and through undersigned counsel, hereby files this Notice relating to the proposed Scheduling Order requested by the Court at the March 7, 2025 Status Conference. The parties are generally in agreement as to the dates for the proposed Scheduling Order. The parties are in disagreement as to four critical dates, which are explained below.

Mr. Lam's proposed scheduling order is attached to this filing as Exhibit 1. The parties conferred to minimize the disagreements as to dates in order to avoid the Court's intervention. Nonetheless, the parties were unable to agree as to the following dates.

*First*, the parties disagree as to when the government must complete discovery under the pending indictment in this case. Mr. Lam seeks full discovery in this case by April 7, 2025, at which point the government would produce *Brady* and *Giglio* information currently in its possession, as well as unredacted copies of the search warrants in this case and all *Giglio* information relating to any individual whose reporting was included in a search warrant in this matter. *See United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2012) (instructing how the government must provide all "favorable" information to the defense, which includes *Giglio* information); *see also* Local Crim. R. 5.1 (affirming the broad scope of evidence for purposes of complying with *Brady*). The government proposes that it produce *Brady* information by April 7,

2025.[1]  The government has not provided any indication to Mr. Lam as to when it would produce unredacted search warrants in this matter.

It is critical that Mr. Lam receive all *favorable* information in the government's possession by April 7, 2025.  This case has been pending against Mr. Lam for over six months.   Nonetheless, the government has produced to Mr. Lam only isolated records in this case and has not produced critical information to the defense.[2]  Mr. Lam, for example, has not received reports of interview as to any of his alleged co-conspirators.  Nor has Mr. Lam received reports of interview as to the individuals (apart from the alleged victim) who reported information to the government and whose reporting was a basis of the executed search warrants in this case.  This information is plainly in the government's possession, yet the government seeks to delay further providing it to Mr. Lam.

The Court should order the government to produce *all* favorable information to Mr. Lam by April 7, 2025.  On that date, Mr. Lam will be approximately six months from trial.  He needs this information to defend against the government's case-in-chief and prepare his own defense.  Without timely discovery, Mr. Lam is hamstrung in his ability to evaluate whether he may have valid suppression motions, among other arguments, and cannot meaningfully prepare a defense.

Even more, the Court has set a May 12, 2025 hearing for Mr. Lam to reject on the record the government's plea offer, if he chooses to do so.  It cannot be reasonably disputed that Mr. Lam should have access to the discovery to which he is entitled before that date.  Indeed, to the extent that the Court does not order full-discovery disclosure by April 7, 2025, Mr. Lam intends to file promptly a motion to compel.

---

[1] The government appears to be taking an overly restrictive view of *Brady* and interpreting *Brady* in terms of only exculpatory information, rather than information that is favorable to the accused.

[2] The parties' efforts to resolve this case without trial played a role in the discovery delays.

*Second*, the parties dispute the deadline for "Defendant's evidentiary pretrial motions, such as motions to suppress evidence[.]" Mr. Lam proposes June 16, 2025, and the government proposes July 15, 2025. Mr. Lam anticipates that the suppression motions may be significant in this case and require extensive briefing and potential hearings. Given the October 6 trial date, the parties, as well as judicial economy, would benefit from resolving these issues as soon as possible.

*Third*, the parties dispute the deadline for "*Giglio*, Jencks Act, and Rule 26.2 material." Mr. Lam proposes September 8, 2025, and the government proposes September 22, 2025. Mr. Lam respectfully submits that a deadline of 30 days before trial is more reasonable in a complex white-collar case.

*Fourth*, the parties dispute the deadline to exchange exhibits. As with the previous deadline, Mr. Lam proposes September 8, 2025, and the government proposes September 22, 2025. Mr. Lam again respectfully submits that a deadline of 30 days before trial is more reasonable in a complex white-collar case.

A proposed order with the agreed-upon dates and the above-referenced proposals of Mr. Lam is attached as Exhibit 1.

    Respectfully submitted,

    /s/ Scott P. Armstrong
    Scott Armstrong
    McGovern Weems, PLLC
    1050 15th Street, Suite 1030, NW
    Washington, D.C. 20005
    DC Bar No. 993851
    Telephone: (202) 978-1267
    Email: scott@mcgovernweems.com

    /s/ Patrick J. Queenan
    Patrick J. Queenan
    Sheehan Phinney Bass & Green, P.A.
    1000 Elm Street, 17th Floor
    Manchester, NH 03101
    (admitted *pro hac vice*)

Telephone: 603-627-8335
Email: pqueenan@sheehan.com

*Counsel for Malone Lam*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice was served on all counsel of record via ECF as of the date of filing, March 26, 2025.

/s/ Scott P. Armstrong
McGovern Weems, PLLC
1050 15th Street, Suite 1030, NW
Washington, D.C.
20005 DC Bar No.
993851
Telephone: (202) 978-1267
Email: scott@mcgovernweems.com